UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BOSCH SOLAR ENERGY CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KISCO, a corporation existing under the ) <br> laws of the Republic of Korea, ) <br> ) <br> Defendant. ) | CASE NO. 2:20−CV−13390 <br> Hon. Stephen J. Murphy |

## RESPONSE TO SHOW CAUSE ORDER

### I.   INTRODUCTION

Plaintiff, Bosch Solar Energy Corp. ("Bosch Solar"), by its undersigned counsel, respectfully states as follows as its response to the Court's Order to Show Cause on October 14, 2021 (the "Order") [ECF No. 8, PageID.43].

Bosch Solar has acted, and continues to act, diligently to effectuate service of the Summons and Complaint on defendant KISCO, a South Korean entity. Pursuant to Rule 4(f) of the Federal Rules of Civil Procedure, Bosch Solar is required to serve KISCO utilizing the procedures set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Bosch Solar has submitted all required documents to the South Korean central authority for service of foreign judicial documents and is awaiting service. Though KISCO is represented by

311035953.3

counsel in this matter, it has refused Bosch Solar's requests to accept service, thus necessitating this lengthy and costly process of effectuating service.

Bosch Solar has not defaulted on any deadline for effectuating service. The 90-day deadline for serving a summons and complaint does not apply to service in foreign countries pursuant to the Hague Convention. *See* Fed. R. Civ. 4(h)(2). Under the present circumstances, either no deadline applies, or Bosch Solar may avoid the entry of default where, as here, it has acted diligently and in good faith, to serve Defendant and prosecute the action. Bosch Solar is doing everything it can to ensure that prosecution of this case is not delayed.

## II.  BACKGROUND

On December 28, 2020, Bosch Solar filed a complaint in the Eastern District of Michigan against KISCO, an entity formed and existing under the laws of the Republic of Korea with its principal place of business in Jeungpyeong, Republic of Korea, seeking damages related to Bosch Solar's recall of approximately 26,000 roof-mounted KISCO panels. Pursuant to the written contract between the parties, KISCO was required to indemnify Bosch Solar for the full cost of that recall. Despite written demand, KISCO has refused to do so.

### A.   Bosch Solar has Acted, and Continues to Act, Diligently to Effectuate Service

Following the filing of its complaint, Bosch requested that KISCO waive service of process. *See* email from counsel for Bosch Solar to counsel for KISCO

dated December 30, 2020, attached hereto as Exhibit 1. KISCO refused (*id.*), and Bosch Solar has since been working diligently to effectuate service of the Summons and Complaint pursuant to the Hague Convention. *See* Fed. R. Civ. P. 4(f)(1) (stating that foreign individuals may be served by "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention").

In January 2021, Bosch Solar retained Kim & Chang—a South Korean law firm—to assist Bosch Solar in effectuating service, pursuant to the guidelines set forth under the Hague Convention. The Hague Convention requires Bosch Solar to prepare a translated version of the Summons and Complaint, which Bosch Solar has done through its engagement of Kim & Chang.

The original and translated Summons and Complaint have been submitted to the Korean Central Authority. Though this process can be lengthy, Bosch Solar has no reason to believe that the Korean Central Authority will not effectuate service on KISCO.

      **B.**      **Bosch Solar Has Not Defaulted In Effectuating Service of Process**

A plaintiff ordinarily has 90 days to serve a summons and complaint. *See* Fed. R. Civ. P. 4(m). However, this deadline does not apply to service in foreign countries pursuant to the Hague Convention. *Id.* Where, as here, Bosch Solar has diligently attempted, and continues to attempt, to serve KISCO, Bosch Solar has not defaulted

311035953.3

on a deadline for effectuating service. *See Lucas v. Natoli*, 936 F.2d 432 (9th Cir. 1991). A default should not be entered in such circumstances. *See Nylok Corp. v. Fastener World, Inc.,* 396 F.3d 805, 807 (7th Cir. 2005); *O'Rourke Brothers, Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952-53 (7th Cir. 2000); *Lewis v. Vollmer of America*, No. 05-cv-1632, 2006 WL 3308568 (W.D. Pa. 2006); *Vinewood Capital, L.L.C. v. Al Islami*, No. 06-cv-316, 2006 WL 3151535, *2-3 (N.D. Tex. 2006).

Bosch Solar has diligently attempted, and is continuing to attempt, to serve KISCO. Because service of KISCO is being effectuated in South Korea, "the burdensome process of foreign service militates against strict application of the [ninety day] limitation." *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 126 (E.D. Mich. 1994). Under these circumstances, Bosch Solar should be allowed additional time to effectuate service upon KISCO, and this action should not be dismissed for want of prosecution.

### III.  CONCLUSION

For the aforementioned reasons, Bosch Solar has not failed to prosecute this action, and, this case therefore should not be dismissed.

311035953.3

Dated: October 22, 2021

Respectfully submitted,

HICKEY HAUCK BISHOFF
JEFFERS & SEABOLT, PLLC

By: */s/ Scott T. Seabolt*
    Scott T. Seabolt (P55890)
17199 N. Laurel Park Dr., Suite 215
Livonia, Michigan 48152
(313) 964-8600
sseabolt@hhbjs.com


K&L GATES LLP
John W. Rotunno
John.Rotunno@klgates.com
Joseph C. Wylie II
Joseph.Wylie@klgates.com
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
Tel: (312) 807-4213

*Attorneys for Plaintiff Bosch Solar Energy Corporation*

311035953.3

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2021, I caused a true and correct copy of the foregoing to be served by email as of this date to all counsel of record.

*/s/ Adam G. Winnie*

311035953.3